# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION
# COVINGTON

**CIVIL ACTION NO. 14-61-DLB**

**WILLIAM MORELAND,**                                                                              **PLAINTIFF**

**VS.**                  **MEMORANDUM OPINION AND ORDER**

**JEFFREY DEAN and STEVEN ROBB,**                                **DEFENDANTS**

\*\*\*    \*\*\*    \*\*\*    \*\*\*

William Moreland is a resident of Detroit, Michigan. Proceeding without an attorney, on April 3, 2014, Moreland filed a complaint asserting civil rights claims pursuant to 42 U.S.C. § 1983 and pendent state law negligence claims. (Doc. #1, p. 1). The Court has granted Moreland's motion to proceed *in forma pauperis* by prior Order. (Doc. #5).

**I**

On March 25, 2012, while driving his vehicle, Moreland was pulled over by Kentucky State Police Officer Steven Robb for failure to wear his seat belt, a charge Moreland denies in his complaint. (Doc #1-2, p. 1; Doc #1, p. 2). A discussion followed, during which Moreland was unable to provide a driver's license, proof of insurance, or a vehicle registration. Moreland alleges that during a search of the vehicle, Officer Robb took and kept $192.00 in cash that was inside his car. (Doc #1, p. 2).

Officer Robb then wrote Moreland a citation charging him with (1) failure to wear a seat belt; (2) operating a motor vehicle without a license, as his Ohio driver's license had been suspended; (3) failure to maintain and/or provide proof of insurance; (4) failure to

1

maintain current registration on the vehicle; and (5) registering his vehicle in Ohio notwithstanding his residency in Kentucky. (Doc #1-3, p. 1). Instead of requiring Moreland to abandon his vehicle so that it could be towed, Officer Robb drove Moreland to his home, and advised him that two licensed drivers should drive to his car and then drive it back to his house. (Doc. #1, p. 2).

While these charges were still pending against him, Moreland sued Officer Robb in the Circuit Court of Pendleton County, Kentucky, claiming that he had performed his duties negligently. *Moreland v. Robb*, No. 12-CI-85 (Cir. Ct. Pendleton Co. 2012); (Doc. #1, pp. 1, 2; Doc. #1-1).

Moreland's complaint does not clearly indicate whether he was convicted of the charges identified in Officer Robb's ticket, but he does indicate that he spent 90 days in jail around this time, and does not state or suggest that this was for a separate offense. (Doc. #1, p. 5). He further states that while he was in jail, Pendleton County "foreclosed" upon his real property for unpaid property taxes. *Id*.

In November 2013, Moreland moved to voluntarily dismiss the civil complaint he had filed in Pendleton Circuit Court so that he could reassert his claims in federal court. On December 18, 2013, the Circuit Court entered an order "passing" that motion (Doc. #1-4), which Moreland construed as granting his motion (Doc. #1, p. 2).

Moreland filed his complaint in this Court four months later. In it, Moreland alleges that Officer Robb lacked probable cause to pull over his vehicle, and then stole $192.00 from his car during his search. (Doc. #1, p. 2). He further alleges that prosecutor Jeffery Dean violated his civil rights and/or was "negligent" during the criminal trial because he suppressed information regarding Moreland's civil suit against Robb, improperly influenced

2

the jury, made false statements of fact and law to the jury, and violated court rules. (Doc. #1, pp. 3-4). Finally, he alleges that Dean, through his private law firm, "sold Plaintiff's property taxes, to a third party and charge 28% interest . . . ." (Doc. #1, p. 4).

## II

The Court must conduct a preliminary review of Moreland's complaint because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). The Court evaluates Moreland's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

First, Moreland's civil rights claims are subject to summary dismissal for failure to adequately plead a claim for relief. To state a viable claim for relief, a complaint must do more than make a bald statement that the defendants violated the plaintiff's "civil rights"; it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). The Supreme Court has explained that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and

> conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.

*Twombly*, 550 U.S. at 555 (internal citations omitted). Simply labeling the defendants' actions as "contrary to Kentucky law" or "negligent" deprives the defendants of notice of the conduct complained of and the legal basis for the claims against them, a notice to which they are entitled. Because the complaint makes no effort to identify with any specificity the "civil rights" Moreland complains were violated, it fails to satisfy even this minimal pleading standard. *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) ("More than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements.") and *Kamppi v. Ghee*, 208 F.3d 213 (table), 2000 WL 303018, at *1 (6th Cir. May 14, 2000) ("Thus, the less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpleaded facts to support conclusory allegations.")).

Second, if (as Moreland implies) he was convicted of the criminal violations described above, his civil rights claims against Officer Robb and county prosecutor Dean are prematurely filed. Where a claim for damages in a civil action would, if successful, necessarily imply the invalidity of the plaintiff's prior conviction or sentence, such claims are not cognizable under 42 U.S.C. § 1983 unless and until the plaintiff obtains a judicial determination by an appropriate court that the conviction or sentence was unlawful. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Harrison v. Michigan*, 722 F.3d 768, 771-73 (6th Cir. 2013). Moreland's claims - that Officer Robb lacked probable cause to pull his vehicle over and that prosecutor Dean essentially engaged in prosecutorial misconduct - fall

squarely within this prohibition. *Watson v. City of Marysville*, 518 F. App'x 390, 392 (6th Cir. 2013); *Moniz v. Cox*, 512 F. App'x 495, 498 n.1 (6th Cir. 2013).

Third, if Moreland was acquitted of the offenses charged in the citation, or if any of his civil rights claims are not otherwise subject to the rule of *Heck*, they are barred by the applicable statute of limitations. Because 42 U.S.C. § 1983 does not supply its own statutory limitations period, federal courts apply the most analogous statute of limitations from the state where the events occurred. *Wilson v. Garcia*, 471 U.S. 261, 268-71 (1985); *Zanecki v. Health alliance Plan of Detroit*, 576 F.App'x 594, 594 (6th Cir. 2014). The events about which Moreland now complains occurred in Kentucky, and therefore its one-year statute of limitations for asserting personal injuries applies. Ky. Rev. Stat. Ann. § 413.140(1)(a); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003); *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Moreland's claims would have accrued when he was pulled over and subsequently prosecuted (and, under this assumption, acquitted) in 2012, at which time he would have known or had reason to know of the acts providing the basis of his injury. *D'Ambrosio v. Marino*, 747 F. 3d 378, 384 (6th Cir. 2014). He was therefore required to file suit within one year after those events, by early to mid-2013. Because Moreland did not file suit in this action until April 3, 2014, his claims would be time-barred, and must be dismissed. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).[1]

---

[1] It should be noted that the pendency of Moreland's state civil action against Officer Robb did not toll the running of the statute of limitations, as it was dismissed voluntarily by Moreland in an apparent effort to seek what he perceived to be a more favorable forum in federal court, not because the Pendleton Circuit Court lacked jurisdiction over his claims. *See* Ky. Rev. Stat. 413.270.

Finally, even if Moreland's civil rights claims could survive these procedural hurdles, county prosecutor Dean would be entitled to absolute quasi-judicial immunity for his actions undertaken in furtherance of the prosecution against Moreland. Prosecutors are entitled to absolute immunity for conduct "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). If the plaintiff's claims effectively "challenge[] acts [] performed while serving as an advocate in legal proceedings[,]" the prosecutor is entitled to immunity. *Holloway v. Brush*, 220 F.3d 767, 775 (6th Cir. 2000). Here, all of Moreland's civil rights claims are directly predicated upon Dean's conduct at trial while serving as a prosecuting attorney, and he is thus entitled to immunity with respect to such claims. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

The Court separately notes that, at this juncture, it must take Moreland's factual allegations - in particular his claim that his civil action in Pendleton Circuit Court was dismissed without prejudice on December 18, 2013 - as true. *Twombly*, 550 U.S. at 555-56. However, Moreland's belief that his state action was dismissed without prejudice is based upon his misunderstanding of the Pendleton Circuit Court's December 18, 2013 Order. (Doc. #1-4). In Kentucky state court, when a motion is "passed," the court is indicating that arguments on the motion will be heard at a later date, not that it is granting the motion. Upon inquiry from this Court, the Clerk's Office of the Pendleton Circuit Court has indicated that no further activity has occurred in Moreland's civil case since the entry of that order, and that the case remains pending.

If Moreland's civil action in Pendleton Circuit Court has not been dismissed, his federal complaint arising out of the same facts and against one of the same defendants is subject to abstention under the principles announced in *Colorado River Water Conservation*

6

*District v. United States*, 424 U.S. 800 (1976).  *Cf. Bates v. Van Buren Twsp.*, 122 F. App'x 803, 806-08 (6th Cir. 2004) (noting that *Colorado River* authorizes a federal district court to abstain from exercising jurisdiction in deference to state court proceedings which parallel the federal litigation by presenting "substantially similar" facts and claims).  But because this information is not formally part of the record before this Court, it cannot dictate the outcome of the Court's resolution of Moreland's complaint upon initial screening.

It does, however, seem appropriate to factor this circumstance into the Court's determination whether to dismiss Moreland's claims with or without prejudice.  Ordinarily, a case subject to *Colorado River* abstention where the plaintiff seeks monetary damages should be stayed rather than dismissed without prejudice.  *Gray v. Bush*, 628 F.3d 779, 785 (6th Cir. 2010) ("In the context of a complaint seeking 'both equitable [relief] and money damages,' as in this case, 'a federal court's discretion to abstain from exercising jurisdiction does not extend so far as to permit a court to dismiss or remand, as opposed to stay, an action at law.'")  Because the necessary facts required to conclude that abstention is appropriate are not part of the record, the Court concludes that dismissal of Moreland's civil rights claims, without prejudice as prematurely filed under *Heck*, is the better - if not only - course.  This preserves Moreland's ability to pursue his civil rights claims, assuming he satisfies all other procedural and timing requirements, if and when he obtains a reversal of his criminal convictions.

This leaves only Moreland's state law "negligence" claims against the defendants.  There are a variety of reasons to doubt the viability of these claims.  *Cf. Bradford v. Bracken County*, 767 F. Supp. 2d 740, 745 (E.D. Ky. 2011) (holding that negligence claim against KSP officers is governed by KRS 413.140(1)(a)'s one-year limitations period).  But

where, as here, the Court has determined that the plaintiff's federal claims must be dismissed, it will decline to exercise supplemental jurisdiction over his claims arising under Kentucky law.  28 U.S.C. § 1367(c)(3); *Robert N. Clemens Trust v. Morgan Stanley DW, Inc.*, 485 F.3d 840, 853 (6th Cir. 2007) ("[I]n the usual case in which all federal law claims are eliminated before trial, the balance of factors to be considered ... will point toward declining to exercise jurisdiction over the remaining state-law claims.") (*quoting Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

Accordingly, **IT IS ORDERED** that:

1. Moreland's complaint (Doc. #1) is **DISMISSED WITHOUT PREJUDICE**.
2. The Court will enter a separate judgment.
3. This matter is **STRICKEN** from the active docket.

This 12th day of November, 2014.



Signed By:
*David L. Bunning*  DB
United States District Judge

G:\DATA\ORDERS\Cov14\14-61 MOO dismissing complaint.docx